WALTER CARTER, as Executor, etc., Respondent, *v.* THE BOARD OF EDUCATION OF THE PRESBYTERIAN CHURCH OF THE UNITED STATES OF AMERICA et al., Respondents; ABEL SPAULDING et al., Appellants.

The will of S. directed his executors to convert into money all of his estate, and to dispose of the proceeds as thereinafter directed; following this were four specific bequests, and then the will directed the executors to divide "whatsoever moneys may remain   *   *   *   after the payment of the foregoing bequests" between certain beneficiaries named.   Two of the specific bequests were invalid.   In an action for the construction of the will, *held,* that the amount of the void bequests went into the residuary estate; and so, the residuary legatees were entitled to the same.

(Argued January 30, 1895; decided February 8, 1895.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made March 13, 1893, which modified, and affirmed as modified, a judgment entered upon a decision of the court on trial at Special Term.

This action was for the construction of a will.

The facts, so far as material, are stated in the opinion.

*John Procter Clarke* for defendants, appellants.   The invalid bequests do not pass into the residuary estate, but are left undisposed of by the will and must be distributed in accordance with the Statute of Distribution.   (*Lamb* v. *Lamb,*

131 N. Y. 234; *In re Benson,* 96 id. 499; Roper on Legacies, § 1679; *Riker* v. *Cornwell,* 113 N. Y. 127; *In re Crossman,* Id. 503; *In re Bonnet,* Id. 522; *Smith* v. *Smith,* 141 id. 29; *Kip* v. *Kip,* 2 Paine, 366.)

*John E. Parsons* for defendants, respondents. Even had there been any evidence in support of the findings that the payments to the board of education and the board of relief were made under mistake of fact, none the less would it be error for this court to adjudge that these boards must refund to the executor the amounts already paid them by him on account of their legacies. (2 Redf. on Wills, 457; *Payne* v. *Jones,* 75 N. Y. 593; *In re Potter,* 10 Daly, 133.) The finding that it was under a mistake of fact that the executor made these payments, is not only without support by the evidence; it is in flat contradiction of the evidence. (*Storrs* v. *Barker,* 6 Johns. Ch. 166.) The alternative prayer of the complaint in this regard, that the plaintiff be protected from personal liability for the payments made by him, is the limit of relief which, in any view, should be given by this court to the plaintiff. (Code Civ. Pro. § 1819; *Ames* v. *Blunt,* 5 Paige, 19.) Nor in any view of the case should this court make a decision giving to the next of kin their $3,000 legacies. (*Hollis* v. *D. Seminary,* 95 N. Y. 166.) If either of the $3,000 legacies were void, its amount would fall into the residuum bequeathed to the Board of Church Erection fund, the Board of Aid for Colleges and the Seaman's Friend Society. The testator did not intend to die intestate as to any of his property. (*In re Bonnet,* 113 N. Y. 522; *Cruikshank* v. *Home of the Friendless,* Id. 337; *Riker* v. *Cornwell,* Id. 115; *Booth* v. *Baptist Church,* 126 id. 215; *Lamb* v. *Lamb,* 131 id. 227; *In re L'Hommedieu,* 32 Hun, 10; *In re Benson,* 96 N. Y. 499, 509; 2 Redf. on Wills, 115.)

*Delos McCurdy* for plaintiff, respondent. The portion of the third clause of the will referred to is not, and was not, intended to be a general residuary disposition. By its express

terms it is specific, and relates only to whatever moneys may remain in the hands of the executors after payment of the preceding specific bequests. (*King* v. *Woodhull*, 3 Edw. Ch. 79, 82; *Kerr* v. *Dougherty*, 79 N. Y. 346; *In re Benson*, 96 id. 510.)

GRAY, J.   The testator's will, after appointing executors, directed them to convert into money, as soon after his decease as they conveniently might, any and all property, real and personal, of which he died seized and possessed, and to pay and dispose of the proceeds thereof as thereinafter directed. He then gave and bequeathed to each of four religious corporations, connected with the Presbyterian church, in which he was a minister, the sum of $3,000 and directed his executors to divide into three equal parts " whatsoever moneys may remain in the hands of my said executors after the payment of the foregoing bequests  *  *  *  and to pay one-third thereof to the American Seamen's Friend Society  *  *  * one other third thereof to the Board of Church Erection Fund of the General Assembly of the Presbyterian Church in the United States of America and one-third thereof to the Board of Aid for Colleges," etc.   Two of the specific bequests to the religious corporations were declared to be invalid and their invalidity is not in question here.   The appellants, however, being the next of kin of the testator, who died leaving him surviving no issue and no widow, father or mother, claim that the invalid bequests did not pass into the residuary estate, but are undisposed of by the will and, therefore, are to be distributed in accordance with the Statute of Distribution. The argument in support of that claim is that the residuary clause is not general; but that it is specific, or circumscribed, by reason of its peculiar language.   It is, in effect, insisted that only those moneys remain in the hands of the executors for payment to the corporations named as residuary legatees, which are ascertained after taking out the aggregate of the sums required for the payment of the four prior specific bequests.

While the words " after the payment of the foregoing bequests," in the residuary clause, might, ·in some cases, be deemed to circumscribe and confine the residue, so that a residuary legatee would not be entitled to any benefit accruing from lapses, that effect would be given to them because they would illustrate an intention which was apparent from the will.    Judge EARL's observations in *Matter of Accounting of Benson*, (96 N. Y. 499), are to be taken, not as laying down an absolute rule that a residuary clause is necessarily circumscribed by the insertion of such words ; but as suggesting that they might evidence an intention on the part of the testator that the residue is to be confined to so much only as would remain after deducting from the estate the aggregate amount of all previous bequests.    Such an intention, however, we think the rest of the will must fairly warrant, in order to override the general rule.

In the present case, it seems to us very evident that no such intention is to be gathered from the terms of this will.    It is evident that, by the direction to his executors to convert all his property into money and to dispose of it as thereafter directed, he intended to create a fund and to wholly dispose of it by the subsequent provisions of the will.    He did not propose to die intestate as to any part of the fund, which would result from the conversion of his estate.    When he subsequently directs that " whatever moneys may remain in the hands of my said executors, after the payment of the foregoing bequests " are to be divided and paid out in certain proportions to certain residuary legatees, while it is clear that he intended the specific bequests to take effect, it is equally clear that he intended making a testamentary disposition of all of his estate and such an intention is only effectuated by carrying into the residuary estate any prior ineffectual bequests. Read in connection with the rest of the will, the words " after the payment of the foregoing bequests " in the residuary clause have a wider significance than the appellants would have us attach to them.    The executors are to pay the specific bequests from the fund ; but if they are unable to pay some of them,

because of their invalidity, then the moneys remaining in their hands are so much of the fund as had not been used, or drawn upon, for the purpose of paying the specific bequests.

In *Riker* v. *Cornwell* (113 N. Y. 115), a case where the words were " after payment of all the legacies and carrying out all the trusts and provisions made," it was argued that they were indicative of an intention to give only a specific residue.   We held otherwise and we considered those words as words of description, rather than of exclusion and limitation.   It was observed in that case, that we should not seek the intention of the will maker in particular words and phrases ; but should find it by construing the provisions of the will with the aid of the context and by considering what is the entire scheme of the will.

In *Lamb* v. *Lamb* (131 N. Y. 227), it was said : " Where the language of a residuary clause is ambiguous, the leaning of the courts is in favor of a broad rather than a restricted construction.   It prevents intestacy, which it is reasonable to suppose testators do not contemplate."

We think the General Term below correctly held that the void legacies passed into the residuary estate ; and their judgment should be affirmed, with costs.

All concur.

Judgment affirmed.