(20 App. Div. 168.)

## OVIATT v. HOPKINS.

(Supreme Court, Appellate Division, Fourth Department. July 29, 1897.)

TRUSTS—TERMINATION—DUE PROCESS OF LAW.

Laws 1893, c. 452, and Laws 1896, c. 547, § 83, which, while still asserting that the legal estate of an express trust vests in the trustee, and him only, assumes to furnish means by which the beneficiary can alienate his interest, and thus terminate the trust without the consent of the trustee, violates the provision of Const. art. 1, § 6, against depriving one of property without due process.

Submission, on facts admitted, under Code Civ. Proc. §§ 1279–1281, of a controversy between Wilson D. Oviatt, as plaintiff, and John H. Hopkins, trustee, defendant. Judgment for defendant.

Argued before HARDIN, P. J., and ADAMS, GREEN, and WARD, JJ.

Sol Wile, for plaintiff.
John H. Hopkins, in pro. per.

ADAMS, J. The conceded facts of this case are that:

"Rosilla D. Oviatt died on the 10th day of January, 1884, at Rochester, N. Y., seised of the fee of all that tract or parcel of land situate in the city of Rochester

:aforesaid, and being lot No. five (5) of the Ely plat, and described in her last will and testament as store and building known as '38 South St. Paul Street.' She left a last will and testament dated 11th July, 1883, which was admitted to probate by the surrogate of Monroe county on the 24th day of March, 1884; and upon that day John H. Hopkins was duly appointed executor of and trustee under said will; and, he having duly qualified, letters testamentary were issued to him by said surrogate upon said 24th day of March, 1884. That among other things the testator devised the real estate aforedescribed to said John H. Hopkins in trust 'to receive the rents and profits of the same, and pay said rents and profits over to or for the benefit of Wilson D. Oviatt, son of testator,' above named plaintiff, 'for and during the term of his natural life'; and at his death testator directs and empowers said trustee to sell said premises and convert the same into money, and pay the same over to Percy D. Oviatt, the child of Wilson D. Oviatt, at the time he shall arrive at the age of twenty-one years, or said trustee may convey said premises to him at his discretion, as to which will be the best for said Percy. That on the 30th day of April, 1897, Percy D. Oviatt aforesaid arrived at the age of twenty-one years. That on the 6th day of May, 1897, said Percy D. Oviatt, by a deed dated that day, sold and conveyed all his interest in said premises under the will of Rosilla D. Oviatt, deceased, to his father, the said Wilson D. Oviatt. Wilson D. Oviatt has released the said John H. Hopkins from any and every claim which he might have against the said John H. Hopkins, as trustee, on account of any provision contained in the will of Rosilla D. Oviatt, deceased."

And upon these facts the question to be determined by this court is, has the trust estate created by the will of Mrs. Oviatt ceased, in accordance with section 83, c. 46, Gen. Laws, and section 63, art. 2, tit. 2, c. 1, pt. 2, Rev. St., as amended by chapter 452, Laws 1893? It is expressly declared by section 80 of what is known as the "Real Estate Law" (being chapter 547, Laws 1896) that an express trust shall vest the legal estate in the trustee, subject only to the execution of the trust, and that the beneficiary shall not take any legal estate or interest in the property, but may enforce the performance of the trust. This declaration, however, was no innovation upon existing statutes, for it was simply a re-enactment of a provision of the law of uses and trusts. 4 Rev. St. (8th Ed.) p. 2438. It must be conceded, therefore, at the very threshold of our inquiry, that the defendant, as trustee under the will of Mrs. Oviatt, when he entered upon the execution of his trust became invested with the legal title to the trust estate, and that, so long as the trust thus created continued, the beneficiary's interest therein did not extend beyond the right to enforce the execution of the trust. This being so, the real question to be considered is, how can such a trust be terminated? We think that prior to the attempted modification of the rule by legislative enactment, to which reference will be made later on, this question might have been answered in a general way by saying that an express trust could not be terminated or dissolved until the expiration of the time, or the fulfillment of the purpose, for which it was created. 1 Rev. St. p. 730, § 67; Watkins v. Reynolds, 123 N. Y. 211, 25 N. E. 322. The rule as thus stated is nevertheless, like most other rules of law, subject to exceptions, as where unforeseen exigencies arise which render the execution of a trust impossible or impracticable, in which case a court of equity doubtless might decree a dissolution. But, save in rare instances, the courts have been exceedingly careful to assert only a supervisory power over, and to protect, rather than destroy, trust estates. It seems, however, that in 1893,

and again in 1896, the legislature, while still asserting that the legal estate of an express trust vested in the trustee, and in him only, assumed to furnish a means by which the beneficiary could alienate his trust interest, and thus terminate the trust without the consent of the trustee. Laws 1893, c. 452; Laws 1896, c. 547, § 83. This legislation, it seems to us, comes dangerously near the violation of the fundamental law of the state; for if, as in this case, the legal estate in the trust property vests in the trustee, it thereby becomes property in his hands, and it is difficult to see how it is within the province of either courts or legislature to deprive him of that property without due process of law. Const. art. 1, § 6. In a recent decision by the court of appeals the right of the courts to interfere with such interests is denied in this emphatic language:

"We know of no power possessed by any court to compel a trustee to consent to a destruction of the trust. * * * By the sixtieth section of the law of uses and trusts (4 Rev. St. [8th Ed.] p. 2438) the whole estate in the lands embraced in the trust provisions of the will is for the time being vested in the trustee, both in law and in equity, subject only to the execution of the trust. A judgment of the court which compels him to part with his title to this property without a trial, without the submission of competent proofs, and without the application of the well-established principles of law regulating the determination of such questions, is in direct violation of the fundamental law of the state and of society." Cuthbert v. Chauvet, 136 N. Y. 326–328, 32 N. E. 1088.

And if the courts are unable to decree a destruction of a trust, in opposition to the wishes of the trustee, without doing violence to the constitution, we fail to discover how the edict of the legislature, even when clothed with all the formalities of deliberate enactment, and expressed in the faultless idiom which characterizes the amendment of 1893, can accomplish that object without encountering the same insuperable obstacle. Powers v. Bergen, 6 N. Y. 358; Brevoort v. Grace, 53 N. Y. 245; People v. Powers, 147 N. Y. 104–109, 41 N. E. 432. It follows, therefore, that our conclusion upon the question submitted to us is that the trust estate created by the will of Mrs. Oviatt was not destroyed by reason of the facts stated in the submission, that the same still exists, and that the defendant is entitled to enter a judgment to that effect, and also for the costs of this action.

Judgment ordered accordingly. All concur.