SNEDEKER et al. v. CONGDON et al.

(Supreme Court, Appellate Division, Second Department.   June 20, 1899.)

1. WILLS—CONSTRUCTION—NATURE OF ESTATE CREATED.
    A testator devised to his brother and sister the income of personalty
during their joint lives and the life of the survivor.   Subject to such "life
estate," he gave one-fifth of the principal of the residue of his personal
property to S.   Held, that the will created no trust in the share of S. in
favor of testator's surviving brother and sister.

2. SAME—CONSTRUCTION—VOID LIMITATION UPON ABSOLUTE GIFT.
    Where an absolute and present gift of personalty is made by will, sub-
ject only to a life estate, followed by a direction that the gift be paid to,
and held in trust by trustees, "to apply the same and such parts thereof
as they may deem proper to the separate use of the legatee," such a limita-
tion on the gift is void for repugnance, and the legatee is entitled to the
immediate possession of the fund.

3. SAME—TRUST ESTATE—TERMINATION UNDER STATUTE.
    An absolute and present devise of personalty, subject only to a life estate,
followed by a direction that the gift be paid to, and held in trust by,
trustees, to apply the same to the separate use of the legatee, is within the
provisions of Laws 1893, c. 452 (in force at testator's death), empowering
the legatee in such a case to destroy the trust, and acquire immediate pos-
session of the property by a deed to herself.

Action by John D. Snedeker and others, as executors of the will of John Poole Rolfe, against Helen Rolfe Congdon and others to construe certain provisions in said will in favor of Enriquita E. Shrigley, one of the defendants. Controversy submitted on agreed statement of facts. Judgment for defendant Shrigley, directing executors to pay her share to her upon her executing a deed as prescribed by Laws 1893, c. 452.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

John P. Morris, for plaintiffs.

E. A. Carley, for defendant Shrigley.

CULLEN, J. This controversy is as to the interpretation, validity, and effect of certain provisions of the will of John P. Rolfe, who died at the city of Brooklyn, in January, 1895, possessed of a personal estate amounting to $766,000. The material parts of the will are as follows:

"I give to my said brother and sister the use, interest, and income of personal property during their joint lives and the life of the survivor. Subject to such life estate, I give the principal of the rest, residue, and remainder of my property and estate to my five nephews and nieces as follows: * * * (5) To Enriquita Emma, daughter of my said brother, deceased, now wife of Winfield Scott Shrigley, of Valparaiso, Chili, one-fifth (⅕) part of such property; but it is my will, and I hereby direct, that such part shall be paid to, and held in trust by, her brothers, to apply the same and such parts thereof as they may deem proper to the separate use of their sister."

Since the death of the testator the brother and sister mentioned in the will have died, and the present controversy is as to the right of Mrs. Shrigley to require payment to her personally of her share in the estate.

The learned counsel for Mrs. Shrigley assails the validity of the trust attempted to be created in her share on the ground that it suspends the absolute ownership of that share for three lives, to wit. those of the testator's brother and sister and that of Mrs. Shrigley herself. The foundation of this claim is that the will creates a trust in favor of the testator's surviving brother and sister during their joint lives; for, if the interests given to those beneficiaries are legal, and not equitable, the bequest in their favor does not suspend the ownership of the property for any period. We are entirely clear that the will creates no trust in favor of the brother and sister. There is no express gift to the executors, and no direction for them to apply the income to the use of the legatees. The bequest of the interest and income of the property during life is the bequest of a life estate simply; and the testator (a lawyer of great experience in the preparation of wills and management of estates) fully appreciated the nature of the estate given, for in the gift of the remainder to his nephews and nieces he characterizes the precedent gift as "such life estate." It is true that the executors would not be justified in paying the estate over to the life tenants without security, and it would be their duty to invest the principal and pay the beneficiaries only the income. But while this is the case with every gift of a life estate in a fund, yet

a legal life estate susceptible of alienation or release can as well be created in money or a fund as it can in real estate. Gilman v. Reddington, 24 N. Y. 9, 18; Everitt v. Everitt, 29 N. Y. 39, 72; Bliven v. Seymour, 88 N. Y. 469. Ward v. Ward, 105 N. Y. 68, 11 N. E. 373, on which the defendant's counsel relies to support his theory of a trust, was an extreme case, and its doctrine should not be extended. However, it is plainly distinguishable from the present case, for there the testator appointed his executors as trustees for the purpose of carrying out the provisions of the will. In that will were also found certain provisions for payments which were regarded as inconsistent with a legal life estate in the widow. The will before us is barren of any such features; and, if we should construe it as creating a trust in favor of the life tenants, it would be practically holding that every life estate in a fund is per se a trust. We are of opinion, therefore, that this claim of the defendant is not well founded.

We now come to the question of the validity and effect of the trust created in the share of Mrs. Shrigley, considered apart from the previous provisions of the will. We first find an absolute and present gift to this defendant, subject only to the previous life estates. This gift is followed by a direction that the share be paid to, and held in trust by, her brothers, "to apply the same and such parts thereof as they may deem proper to the separate use of their sister." It is contended that this limitation imposed on the gift to Mrs. Shrigley is repugnant to the gift, and therefore void. Such is our judgment. 2 Jarm. Wills, pp. 854, 855. The trust is not to apply the income of the share to the use of the legatee, but to apply the share itself, or such parts thereof as the trustees may deem proper. Doubtless it would be the duty of the trustees to invest the fund and to apply the interest or income it might earn, together with the principal, to the use of the legatee. But the collection of income is a mere incident of the trust, and would not constitute the trust one to collect the income and profits, and apply them to the use of a person, within the provisions of the Revised Statutes. The trust can cut down the previous gift only so far as it is inconsistent with it, and that gift is absolute to the legatee, with no gift over. The duration of the trust is, by its nature, limited to the life of Mrs. Shrigley; and therefore the trustees must either apply the whole share to her use during her lifetime, or at her death pay over the unexpended remainder to her estate. Her interest is therefore always alienable. The case seems to us entirely analogous to that of a vested legacy, where the time for payment is postponed. The rule is stated by Mr. Williams (Williams, Ex'rs, p. 1256):

"So, notwithstanding a legacy is directed to accumulate for a certain period, e. g. until the legatee attains the age of thirty, yet, if he has an absolute indefeasible interest in the legacy, he may require payment the moment he is competent, by reason of having attained twenty-one, to give a valid discharge."

In Josselyn v. Josselyn, 9 Sim. 63, the testator gave his residuary estate unto his cousin, and ordered his executors to invest the same and pay the principal to the legatee on his attaining the age of 24

years. It was held that, as the interest of the legatee was abso-
lute, he was entitled to the principal of his share when he became
of the age of 21 years, notwithstanding the direction of the will to
the contrary. In Saunders v. Vautier, 14 Beav. 115, and in Rocke
v. Rocke, 9 Beav. 66, exactly the same rule was held. In Re
Young's Settlement, 18 Beav. 199, the testator gave his estate to
trustees to divide between his two children when they arrived at
the age of 25, their several shares to vest at 21, or upon marriage.
He directed that his daughter's share should, on her marriage, be
settled upon her, but that until marriage she should only receive
the income. The daughter, after arriving at the age of 21 years,
remained unmarried. It was held that she was entitled to pay-
ment of the property. As the absolute ownership of this share is
in Mrs. Shrigley, and she has therefore an absolute power of dis-
position, she is also entitled to the immediate possession of the
fund. But, if we have erred in our view of the character of this
trust, it will, under the present law, make no difference in the re-
sult. The construction of the will most unfavorable to the claim
of the defendant would be to regard the trust as one to invest the
fund, and apply the income arising therefrom to the use of Mrs.
Shrigley during life, with power in the trustees, in their discre-
tion, to apply the principal or parts thereof to the same purpose.
There is no possible view of the case, however, which would de-
feat Mrs. Shrigley's claim to the remainder in the fund after the
termination of the trust. Since the enactment of the Revised Stat-
utes, and until 1893, the income from such a trust was inalienable
by the beneficiary, and the trustee could make no disposition of
the trust estate in contravention of the trust. But, by chapter 452
of the Laws of 1893 (which was in force at the time of the testa-
tor's death), the provisions of the Revised Statutes as to the in-
alienability of trust incomes and the integrity of trust estates were
substantially altered. By that act any person beneficially interest-
ed in the income of a trust, who was also entitled to the remainder
in the estate upon the termination of the trust, was empowered,
by a deed to himself therefor, to abrogate the trust, and immedi-
ately acquire possession and absolute ownership of the property.
The case of Mrs. Shrigley falls within this statute. So that, if it
be considered that the will created a trust, to apply the income of
the share held in trust to her use, she has the power to destroy
the trust. Under either construction, therefore, she is entitled to
possession of the fund.

Our view of the effect of the statute of 1893 is not in conflict with
the decision in Oviatt v. Hopkins, 20 App. Div. 168, 46 N. Y. Supp.
959. In that case, the trust having been created before the enact-
ment of the statute, it was held that the trust could not be abro-
gated on a conveyance of the remainder-man to the equitable life
tenant. The decision proceeded on the ground that property rights
could not be destroyed by subsequent legislation. We express no
opinion on the question whether there is any property right, in the
true sense of the term, in a trustee, which precludes the state from
by subsequent statute permitting the real party in interest (the

beneficiary) to abrogate the trust and take the property. Here the law of 1893 was in force at the time of the testator's death. The tenure of property, whether real or personal, and the character and nature of the estates that may be created therein, have always been the subject of legislative action. The legislature might forbid the creation of any trust estates in property, or the suspension of the power of alienation for any period whatever, as it has forbidden the suspension of the power of alienation beyond two lives in being. At the time this will took effect it was the law of trusts to apply the income or rents and profits of a trust estate that a trust might be terminated in certain contingencies at the election and by the action of the cestui que trust. When the testator bequeathed his property upon trust, he could bequeath it only upon such a trust as the law permitted, and subject to such regulations and limitations as the legislature had prescribed for such trusts.

There should be judgment in favor of the defendant Shrigley that the executors pay to her one-fifth of the residuary estate of the testator, upon her executing a deed as prescribed in chapter 452 of the Laws of 1893; the costs of all parties to be paid out of the fund. All concur.