ALFRED C. HODGMAN, as Executor, etc., of FREDERICK D. HODGMAN, Deceased, Appellant, v. ANGELINE M. COBB and Others, as Administrators, etc., of FREDERICK D. H. COBB, Deceased, and GEORGE H. YATES, as Executor, etc., of MARY E. YATES, Deceased, Respondents.

Third Department, July 6, 1922.

Wills — executors and administrators — clause in will gave $10,000 to woman to be invested, she to receive income during life, corpus with income to go to her son upon her death, but, if son should not survive mother or reach majority, should revert to estate of testator upon death of mother — clause valid — bequest may be absolute in form but limited upon death of legatee to another — disposition of accumulations of income proper — son died after reaching majority — mother survives — fund property of estate of testator subject to life estate of mother — essentials to creating express trust outlined — no trust created by said clause — mother received legal estate for life and had right to fund upon giving security — unlawful to loan fund to son although he gave bond — plaintiff as sole surviving executor of will proper party to action to have fund restored to him or security given — illegal investment should not be continued — decree of Surrogate's Court settling accounts of executors of will but not passing upon loan not res judicata — bond of son not breached — no action lies against sureties, but court may require repayment of fund from estate of son unless mother elects to possess it upon giving security.

A clause in a will is valid which bequeathed $10,000 to a woman to be invested and provided that she was to receive the income during her life and that at her death the $10,000, with accrued interest, was to go to her son, but that, if the son should not survive the mother or reach majority, the $10,000 should revert to the estate of the testator.

A testator may in form make an absolute bequest of personal property to one, and then limit it over upon his death to another. The limitation in such case is not void for repugnancy, but qualifies the bequest.

It was competent for the testator to dispose of the accumulations of the income in case the minor died before reaching majority.

The son having died after reaching his majority and the mother being still alive, the fund is the property of the residuary legatees of the estate of the testator, subject to the life estate of the mother.

In order to create an express trust in property there must be (1) a designated bene-
ficiary; (2) a designated trustee, who must not be the beneficiary; (3) a fund or
property sufficiently designated or identified to enable title to pass to the trustee,
and (4) the actual delivery of the fund or other property, or of a legal assignment
thereof, to the trustee, with intention of passing legal title thereto to him as
trustee.

No trust was created by said clause as there was no express gift to the executors
and no direction for them to apply the income to the use of anybody, although
if the mother had died during the son's minority, the accumulation of the
income for his benefit until he reached majority would have created a trust
which would have vested in the Supreme Court.

Since the gift of the fund was made directly to the mother and she was given the
income therefrom, the effect was to create in her a legal estate for life.

A life estate can be created in money or a fund as well as in real estate.

While the executors of the will had a right to deliver the fund to the mother as
life beneficiary upon her giving proper security, it was unlawful for them to loan
it to the son although he gave a bond to secure its return.

It appearing that the fund is in the joint control of the mother and an administrator
of the son, if the mother is to continue to hold it, it must be in her capacity of
life beneficiary and the Supreme Court has jurisdiction to compel her to give
proper security.

The plaintiff, as sole surviving executor of the will, is a proper party to bring an
action to have the fund restored to him or to be furnished with additional
security.

The investment of the fund by loan to the son being illegal should not be continued.

The decree of a Surrogate's Court made upon an accounting by the executors of
the will after the loan to the son had been made is not *res judicata,* where it appears
that the decree, which merely approved the accounts as rendered, treated the
fund as having been paid to the mother and son, the latter being at the time of
age, and did not pass upon the loan, and it is uncontested here that in fact the
fund was loaned to the son, as such decree cannot be considered *res judicata*
as to a transaction which did not conform to that which was approved.

It appearing that the bond given by the son had not been breached, the plaintiff
as executor cannot at present enforce its provisions against the sureties, but the
court may disapprove of the continuance of the investment and require repay-
ment from the estate of the son; hence, the plaintiff is entitled to the recovery
of the fund unless the mother elects to possess it upon giving proper security.

APPEAL by the plaintiff, Alfred C. Hodgman, from a judgment of
the Supreme Court, entered in the office of the clerk of the county
of Washington on the 29th day of December, 1921, upon a decision
of the court rendered after a trial without a jury, dismissing the
complaint as to the defendants Cobb, and also from a judgment of
the Supreme Court, entered in said clerk's office on the 11th day
of January, 1922, on said decision with certain additional findings,
dismissing the complaint as to the defendant Yates.

The facts out of which the litigation arose are as follows: Frederick
D. Hodgman died in 1873, leaving a will which was duly probated
in Washington county in 1874. Four executors were named in the
will, all of whom qualified. They were: Mary E. Hodgman, the

testator's widow, James Cheesman, Philander C. Hitchcock and Alfred C. Hodgman, the plaintiff, appellant, in this action. Cheesman died in 1882 and Hitchcock died in 1888. Sometime prior to 1889 Mary E. Hodgman married one Yates. She died October 7, 1918. Alfred C. Hodgman, the appellant, is the sole surviving executor of Frederick D. Hodgman. In his will the testator made provision for one Angeline M. Cobb, an adopted daughter, and Frederick D. H. Cobb, her son, by giving to her a life interest in a $10,000 fund with the remainder over to her son under certain conditions and under certain other conditions the fund to revert to his estate. The exact language of this provision is set forth in the opinion herein. The testator after making various other specific bequests to be paid when the estate was ready for settlement bequeathed the residue of his property to his nephews and nieces, share and share alike.

On December 12, 1888, Frederick D. H. Cobb, the remainderman mentioned above, filed a petition in the surrogate's office of Washington county to require the executor of Hitchcock to pay over the $10,000 to the then surviving executors of Hodgman. On March 13, 1889, the court made an order directing that the money be paid over to Mary E. Yates and Alfred C. Hodgman, the then sole surviving executors of Frederick D. Hodgman. On the same day a stipulation was signed by the said Mary E. Yates, executrix, and Alfred C. Hodgman, executor, which was approved by Angeline M. Cobb, the life beneficiary of the $10,000 fund and sworn to before the surrogate, providing that the money should be *loaned* to Frederick D. H. Cobb on his giving security to be approved by Mary E. Yates and the appellant. On the same day Frederick D. H. Cobb, Angeline M. Cobb, his mother, and Mary E. Yates, executed a bond to Alfred C. Hodgman apparently as such security, and the money was turned over to said Frederick D. H. Cobb. Mary E. Yates then filed her petition for leave to account and on December 11, 1889, the surrogate made an order consolidating her accounting proceeding with proceedings that had been brought by Alfred C. Hodgman, appellant, the other executor and the representatives of the two deceased executors. On April 23, 1892, the surrogate made his findings and decisions in this consolidated proceeding wherein it was found and decided among other things that these moneys were paid over to Angeline M. Cobb and Frederick D. H. Cobb, who was at the time more than twenty-one years of age, and on the same day a decree was entered by the surrogate wherein the said Mary E. Yates is charged among other things with having received from Hitchcock's executor the $10,000 fund and credited with having

paid it over to the *cestui que trust,* the finding being that it was paid to Angeline M. Cobb and Frederick D. H. Cobb. The fact was, however, that it had been loaned to Frederick D. H. Cobb.

Frederick D. H. Cobb died February 11, 1914. Angeline M. Cobb is still alive. From the day of the giving of the bond in 1889 to the day of Frederick D. H. Cobb's death in 1914, no question was raised regarding the rightful possession of the fund so loaned to Frederick D. H. Cobb, or regarding the security given for its return. Interest was always paid on the fund in one of the two following ways: Frederick D. H. Cobb up to the time of his death either paid the interest on the fund to Alfred C. Hodgman who paid it to Angeline M. Cobb or receipts were exchanged therefor, and since 1914 the interest has been either paid to Alfred C. Hodgman by the administrators of Frederick D. H. Cobb and Alfred C. Hodgman has paid it to Angeline M. Cobb or receipts have been exchanged therefor. However paid, it was conceded on the trial that there has been no default in the payment of interest at any time.

On the death of Frederick D. H. Cobb in 1914, the defendants Amos H. Cobb, his brother, and Frances M. Cobb, his widow, were appointed administrators of the estate of Frederick D. H. Cobb. They qualified and acted. No special fund was found among the assets of Frederick D. H. Cobb representing the $10,000 in question. There were assets found, however, which in value exceeded the $10,000 fund. There was no evidence found that Frederick D. H. Cobb had lost the fund. The administrators found that there was certain life insurance carried by Frederick D. H. Cobb payable to his estate which had been assigned by him to Angeline M. Cobb, amounting to more than $10,000 and that the said Frederick D. H. Cobb and his mother had an understanding that in case of his death the proceeds of his life insurance or $10,000 of the same should be invested and held for the fund so that in case later on at the time of the death of Angeline M. Cobb, any question should arise as to who was the rightful owner of this fund, these moneys would be intact. These insurance moneys were collected by Angeline M. Cobb and invested in American Can Preferred stock, standing in the name of Angeline M. Cobb. It was stipulated that these securities representing the fund are held in a safe deposit box in the Rochester Trust and Safe Deposit Company, of Rochester, N. Y., which box is held in the name of Amos H. Cobb, one of the administrators of the Frederick D. H. Cobb estate, and that said box contains not only these securities but other securities and property belonging to Angeline M. Cobb

and Amos H. Cobb. Amos H. Cobb did not include or attempt to include this fund or securities representing it in the assets administered by him and Frances M. Cobb. He preferred to retain the fund for his own protection until this question was decided and administered all of the assets of his brother except this fund.

No notice was given to the plaintiff of any of these proceedings in the estate of Frederick D. H. Cobb, nor had he any knowledge of any of them and he has not at any time consented to any understanding between Frederick D. H. Cobb, and Angeline M. Cobb as to the distribution of the proceeds of the life insurance or the investment in the securities mentioned.

The bond in question which was given to the executor Alfred C. Hodgman, the plaintiff herein, by Frederick D. H. Cobb, Angeline M. Cobb and Mary E. Yates, as security for the loan of the moneys to Frederick D. H. Cobb was conditioned upon Frederick D. H. Cobb, Angeline M. Cobb and Mary E. Yates, their heirs, executors or administrators, paying to the said Alfred C. Hodgman, as executor, the sum of $10,000 principal, on the death of said Angeline M. Cobb and interest semi-annually during her life, the whole sum being due and payable upon default in the payment of interest. There has been no default in the payment of interest and Angeline M. Cobb is still alive, but because Frederick D. H. Cobb and Mary E. Yates, two of the persons bound on the bond, have died, the plaintiff is the sole surviving executor of Hodgman and as obligee named in the bond has brought this action seeking (a) to have the fund restored to him, or (b) to be furnished with additional security. According to the complaint the plaintiff has been urged to bring this action by the residuary legatees and by the executor of the estate of Mary E. Yates who wishes to be relieved of the obligation upon the bond so that he can distribute the Yates estate in full. It appears that the plaintiff, appellant, is a nephew of Frederick D. Hodgman, deceased, and as such is one of the residuary legatees and has a personal interest aside from his interest as sole surviving executor of Hodgman in the question at issue here.

From these facts the court below has found that the plaintiff is not entitled to the relief asked for; that Frederick D. Hodgman intended Frederick D. H. Cobb to become the owner of the $10,000 fund on his arriving at the age of twenty-one years, subject only to the life estate of his mother; that the moneys constituting the fund were where they rightfully belonged, namely, in the possession of the representatives of the estate of Frederick D. H. Cobb, and that the complaint should be dismissed.

*Fred A. Bratt,* for the appellant.

*Dawes, Abbott & Littlefield [Hamilton M. Dawes* of counsel], for the respondents Cobb.

*Edgar Hull [John E. Sawyer* and *Erskine C. Rogers* of counsel], for the respondent Yates.

Hinman, J.:

In the construction of wills each case must be determined on its own facts. We must find the intention of the testator. The clause in the will out of which the present litigation has arisen reads as follows:

" *Third.* I give and bequeath to Angeline M. Cobb, wife of A. H. Cobb, Ten thousand dollars to be placed on interest and the annual interest thereupon to be paid said Angeline M. Cobb during her natural life, and at her decease, the said Ten thousand dollars with accrued interest thereon, to be given to her son, Frederick D. Cobb when of age — but if the said Frederick D. Cobb should not survive his mother, or arrive at the age of twenty-one years, then and in that case the said ten thousand dollars shall revert to my estate at the death of said Angeline."

By this provision of the will the following rights and interests were created in the fund: (1) The enjoyment of the income from the same by Angeline M. Cobb for and during the term of her natural life; (2) upon the death of Angeline M. Cobb, if she be survived by Frederick D. Cobb and if he be under the age of twenty-one years at the time, then the income from the fund to be accumulated for his benefit during his minority and the fund with the accumulation thereon to be paid to him upon his reaching majority providing he lives so long; (3) upon the death of Angeline M. Cobb, if she be survived by Frederick D. Cobb but thereafter he should die before reaching his majority, then the fund with the accumulation thereon at the date of his death to revert to the estate of the testator; (4) upon the death of Angeline M. Cobb, if she be survived by Frederick D. Cobb and if he be over the age of twenty-one years at the time, the fund to go to him absolutely; (5) upon the death of Angeline M. Cobb, if she has been predeceased by Frederick D. Cobb, the fund to revert to the estate of the testator.

Angeline M. Cobb, the life beneficiary, is still living. Frederick D. H. Cobb, her son, died February 11, 1914, being at the time of his death over the age of twenty-one years. The trial court has erroneously held that the fund in question became the property of Frederick D. H. Cobb on his arriving at the age of twenty-one years, subject only to the life estate of his mother and that as the fund is now in the possession of the representatives of his

estate it is where it rightfully belongs. This holding ignores the clause in the will — " but if the said Frederick D. Cobb should not survive his mother * * * then and in that case the said ten thousand dollars shall revert to my estate at the death of said Angeline." Under the will as we have construed it whatever interest Frederick D. Cobb may have had prior to his death was thereby divested, leaving the fund the property of the residuary legatees of the estate, subject to the life estate of Angeline M. Cobb. The remaindermen are the nephews and nieces of the testator, share and share alike, of whom the plaintiff is one and who are made the residuary legatees under the will.

The clause of the will under consideration here constituted a valid disposition of the fund. " A testator may in form make an absolute bequest of personal property to one, and then limit it over upon his death to another. The limitation in such case is not void for repugnancy, but qualifies the bequest." (*Livingston* v. *Murray*, 68 N. Y. 485, 490.) This character of bequest is often found in the books.

The learned trial justice seems to have assumed that this clause of the will created a trust. He has not indicated, however, just what sort of a trust was created. In order to create an express trust in property there must be " ' (1) a designated beneficiary; (2) a designated trustee, who must not be the beneficiary; (3) a fund or other property sufficiently designated or identified to enable title thereto to pass to the trustee, and (4) the actual delivery of the fund or other property, or of a legal assignment thereof to the trustee, with the intention of passing legal title thereto to him as trustee.' " (*Brown* v. *Spohr*, 180 N. Y. 201, 209.)

In the present case there was no express gift to the executors and no direction for them to apply the income to the use of anybody. (*Snedeker* v. *Congdon*, 41 App. Div. 433.) Thus there was no trust vested in the executors as trustees. " Nothing whatever is required of them which they may not do as executors and by virtue of the power impliedly conferred. They hold as executors merely, performing their duty as such without taking a trust estate." (*Bliven* v. *Seymour*, 88 N. Y. 477.) In the case just quoted the court had under consideration quite similar language of a will providing: " I give to my two daughters * * * one thousand dollars each, to be put at interest and there kept during their lifetimes, and they are to have the use thereof, then the principal to go to their children respectively each." This was held to constitute a life estate with remainder over. So also in *Snedeker* v. *Congdon* (*supra*), a bequest of the interest and income of the property during life was held to be a bequest of a life estate

simply. Where the legal interest and beneficial estate are merged in the same person, the result is not a trust but there is a legal estate in that person of the same duration as the beneficial interest. (*Woodward* v. *James*, 115 N. Y. 346, 357; *Greene* v. *Greene*, 125 id. 506; *Haendle* v. *Stewart*, 84 App. Div. 274.) Since the gift of the fund was made directly to Angeline M. Cobb and she was given the beneficial interest of the income therefrom, the effect was to create in her a legal estate for life and not a trust for her benefit. A life estate " can as well be created in money or a fund as it can in real estate." (*Snedeker* v. *Congdon, supra,* 436.)

If Angeline M. Cobb had died leaving her surviving Frederick D. Cobb, not then of age, the accumulation of income for his benefit until he reached majority, providing he lived so long, would have created a trust which would have vested in the Supreme Court. (Laws of 1882, chap. 185; revised by Pers. Prop. Law [Gen. Laws, chap. 47; Laws of 1897, chap. 417], § 8, as amd. by Laws of 1902, chap. 150; now Pers. Prop. Law [Consol. Laws, chap. 41; Laws of 1909, chap. 45], § 20, as amd. by Laws of 1911, chap. 217.) And it was competent for the testator to dispose of the accumulations of income in case the minor died before reaching majority. (*Smith* v. *Parsons*, 146 N. Y. 116.)

" Whenever a testator gives and bequeaths a sum to a legatee the law requires it to be paid to the person entitled, within one year from the issue of letters, * * * unless some different time is named, or some other provision forbids the payment or shows that it was not intended. The last occurs whenever a mere life estate is given with remainder over, for in such case the principal sum is not given at all to the primary legatee, but only the use and annual income, and the principal remains in the hands of the executor to be paid over at the appointed time." (*Matter of Denton,* 102 N. Y. 200, 203.) This is especially true where the legatee has a sum of money with no power to expend any portion of the corpus and the testator does not expressly direct that the fund be turned over to the life beneficiary. (*Matter of McDougall,* 141 N. Y. 21.) In that case the testator left the " ' rest and residue ' of his estate [consisting of $6,000 in cash] to his wife " to be used and enjoyed by her during her life or widowhood. The court said: " In such a case the legatee for life is not entitled to possession of the *corpus* without giving security, certainly not if he be insolvent or a non-resident. In other cases where it has been held that the legatee was entitled unconditionally to the possession of the legacy without security, other facts existed, such as where the language of the will made it manifest that the testator intended to give to the legatee power to use in his discretion some portion of

the *corpus* of his estate for his support, or a right to dispose of it during his life by gift or otherwise, or else it appeared that it was personal property of the nature of chattels which would require possession in order to enjoy the gift and such possession was clearly contemplated by the testator, or the whole scheme of the will or the terms of the particular legacy were such as to show that the testator intended to give a legacy of money for life only, and yet clearly intended the life legatee to have possession thereof and trusted to him not to waste, use or otherwise dispose of the *corpus*." Such was the case of *Smith* v. *Van Ostrand* (64 N. Y. 278), where express direction was given by the testator that the fund be paid over to the life beneficiary and special language of the will was construed to give her more than a life estate. She could take as much of the principal as she needed for her support. (*Bliven* v. *Seymour, supra,* 478.) Except in such a case the executor should be decreed to have the fund and invest it and pay the interest to the life tenant, or if she elects to take the corpus, then she should be permitted to do so upon giving proper security. (*Matter of McDougall, supra; Matter of Colwell,* 181 App. Div. 408.) The executor has authority, upon receiving satisfactory security for its return, to deliver possession of the money to the life tenant for the duration of her life, but that is the extent of the executor's power, if he does not retain it himself and invest it in the securities open to him under the law. (*Moss* v. *Cohen,* 158 N. Y. 240, 252; *Wetmore* v. *Porter,* 92 id. 76; *Lee* v. *Horton,* 104 id. 538, 541; *Zimmerman* v. *Kinkle,* 108 id. 282, 287; *Deobold* v. *Oppermann,* 111 id. 531.) He cannot invest it except in certain securities. (*King* v. *Talbot,* 40 N. Y. 76; *Matter of Wotton,* 59 App. Div. 584, 586; affd., 167 N. Y. 629; Laws of 1889, chap. 65; Pers. Prop. Law of 1897, § 9, as amd. by Laws of 1902, chap. 295, and Laws of 1907, chap. 669; now Pers. Prop. Law of 1909, § 21, as amd. by Laws of 1918, chap. 544, and Laws of 1922, chap. 599, and Decedent Estate Law, § 111, as amd. by Laws of 1918, chap. 544, and Laws of 1922, chap. 593. See, also, Banking Law [Gen. Laws, chap. 37; Laws of 1892, chap. 689], § 116 *et seq.,* as amd.; Banking Law [Consol. Laws, chap. 2; Laws of 1909, chap. 10], § 146 *et seq.,* as amd.; Banking Law [Consol. Laws, chap. 2; Laws of 1914, chap. 369], § 239 *et seq.,* as amd.) He cannot loan it to third parties in any such way as this fund was loaned to a contingent remainderman.

If it had been placed in the possession and control of Angeline M. Cobb by the terms of the will, she would have held it in trust for the remainderman (*Matter of Denton,* 102 N. Y. 200; *Smith* v. *Van Ostrand,* 64 id. 286); but the testator did not create her a trustee for the remainderman. While the fund was not turned

over to her, but was loaned to Frederick D. Cobb, which was an investment not authorized by law and which has never been and is not now authorized by statute and, therefore, illegal, the fund or securities representing it are now in the control of Angeline M. Cobb jointly with one of the administrators of the estate of Frederick D. Cobb. If she is to continue to hold it, it must be held by her in her capacity as life beneficiary upon the giving of proper security. The Supreme Court has jurisdiction to require it. The power of a court of equity to require security from the life beneficiary at the suit of the executor or a remainderman rests " upon the jurisdiction which such court has in relation to the custody of funds by those who have but a beneficial interest therein and not an absolute title, and where such title devolves upon persons in remainder." (*Matter of Blauvelt,* 131 N. Y. 249, 253. See, also, *Matter of Skinner,* 81 App. Div. 449.)

The plaintiff is one of the remaindermen here and in his complaint alleges that he is bringing this action at the request of other remaindermen, but he brings this action as the sole surviving executor. As such, he is a proper party to bring it. (*Tyson* v. *Blake,* 22 N. Y. 558, 562; *Moss* v. *Cohen, supra,* and cases cited.) As executor he is responsible for the carrying out of the wishes of his testator and although he might be personally responsible for any loss of the fund due to any illegal investment yet the court will aid him in his capacity as executor to recover it if it can be recovered. (*Moss* v. *Cohen, supra,* and cases cited.) The agreement was unlawful because the executor was wholly unauthorized by law to make the loan. The plaintiff could not by such loan discharge himself from the performance of the duty to pay the corpus to the remaindermen. Neither could Frederick Cobb acquire any title to such moneys by reason of any agreement with the plaintiff. All parties dealt with the fund knowing it to be the subject of contingent reversion to the estate and that its character as such followed it into the hands of any person receiving it with knowledge of the facts. (*Moss* v. *Cohen, supra,* 252.)

It is clear that under the authorities cited this action can and should be maintained (*Moss* v. *Cohen, supra,* and cases cited), unless the decree of the surrogate made in 1892 in the accounting proceedings of the executors of the estate of Hodgman must be taken as *res adjudicata* so as to preclude this court from declaring the illegality of and from disapproving the continuance of the investment which had been made. We think the sole effect of the decree of the surrogate was to approve of Angeline M. Cobb and Frederick D. H. Cobb as proper custodians of the fund and to discharge Mary E. Yates from responsibility as executrix for their

continued custody. It is uncontested here, however, that the moneys were in fact loaned to Frederick D. H. Cobb and were not in fact turned over to Angeline M. Cobb and Frederick D. H. Cobb as indicated by the decree. The decree so far as it is disclosed in the record before us does not indicate that the surrogate passed upon any loan to Frederick D. H. Cobb or the giving of the bond às security therefor. So far as we can see this improper investment was never expressly passed upon by the surrogate and there can be no implication that he did approve an illegal investment. The decree merely approved the accounts as rendered and, there being no specific ruling on the validity of the investment, the matter is not *res adjudicata* so as to preclude this court from disapproving of the continuation thereof. (*Matter of Bannin,* 142 App. Div. 436.)

Assuming that the approval of the surrogate in an accounting proceeding in which all parties in interest here were represented may be sufficient to bar any inquiry as to the legality of the thing approved by the surrogate, the decree of the surrogate cannot be considered *res adjudicata* as to a transaction which did not conform to that which was approved. The thing done was in fact illegal and the legality of it is properly before us. The investment of the fund by loan to Frederick D. H. Cobb was illegal and should not be continued. The loan was treated by the parties to it as an investment. The bond and the stipulation signed on the day of giving the bond reveal that this was so. It is not denied by the parties that this was the fact. We can do no other than to treat it as such.

While the decree of the surrogate purported to discharge Mary E. Yates, as executrix, as to the custody of the fund then authorized, it did not in fact discharge her from responsibility as executrix for an improper disposition of the fund at variance with the terms of the decree. The loan was illegal in the sense that it was unauthorized. It was not such a void instrument as to absolve the parties to it from a responsibility under it. (*Moss* v. *Cohen, supra.*) The plaintiff as executor has the right to follow the fund and to recover the full amount of it from the obligors on the bond, if the securities now in the possession of Amos H. Cobb and Angeline M. Cobb are inadequate. We are confronted with the fact, however, that at the present time the bond has not been breached. The interest has been regularly paid and the agreement in the bond was for the payment of the interest during the life of Angeline M. Cobb and the return of the principal upon her death. The executor is not, therefore, in a position at this time to enforce the provisions of the bond since Angeline M. Cobb is

still alive and there has been no default in payment of interest. There is nothing, however, to preclude this court from disapproving of the continuance of the investment itself and from requiring a repayment of the illegal loan by the estate of the person who received it. That is clearly the duty of the court. The bond was given simply as security for the loan which must be discontinued. The fund seems to be intact. Securities seemingly representing its full value are being held by a representative of the estate of Frederick D. Cobb, awaiting the issue of this litigation. The plaintiff is entitled to the recovery of the fund unless Angeline M. Cobb elects to possess the same upon the giving of proper security; and in case such security is required and not given to the plaintiff as the executor of the estate, it is his right and duty to retain the same and invest it for the purpose of carrying out the provisions of the will.

The judgments should be reversed on the law and facts, without costs, and the matter remitted to the Special Term to take such action and to enter such judgment as may be proper in accordance with the views expressed in this opinion. The court disapproves of findings of fact three, fifteen, sixteen, twenty-one and twenty-five.

All concur.

Judgments reversed on law and facts, without costs, and matter remitted to the Special Term to take such action and to enter such judgment as may be proper in accordance with the views expressed in the opinion. The court disapproves of findings of fact three, fifteen, sixteen, twenty-one and twenty-five.