In the Matter of the Estate of ROBERT J. BOGAN, Deceased.

Surrogate's Court, Oneida County, March 17, 1927.

**Wills — construction — will after setting up residuary clause directed that equal share be " given or set aside for and held in trust by my executors for the son and daughters of my brother " — will instead of creating trust, makes absolute gift.**

This will, which, after setting up a residuary clause naming several beneficiaries, recited " an equal share being given or set aside for and held in trust by my executors for the son and daughters of my brother," must be construed as creating no trust but an absolute gift as there is no express gift to the executors and no direction for them to apply the income to the use of any one; the son and daughters of testator's brother are entitled to the immediate possession of their respective shares in the property under the will.

APPLICATION for construction of will.

*J. Herbert Gilroy,* for the executors.

*Geo. E. Philo,* special guardian.

*Lee, Dowling & Brennan,* for Margaret C. Bogan and others.

EVANS, S. The last will and testament of the above-named decedent contains a residuary clause naming several beneficiaries described as brothers and sisters of the testator. This is followed by the following words within parentheses: " (an equal share being given or set aside for and held in trust by my executors for the son and daughters of my brother Edward A. Bogan, deceased)."

The executors have applied to the court for a construction of this last provision.

While it directs the shares of the nephew and nieces to be " held in trust " by the executors I think that it is clear that no valid trust was created.

In order to create an express trust in property certain elements are necessary.

1. There must be a designated beneficiary.

2. There must be a designated trustee who must not be a beneficiary.

3. There must be a fund or other property sufficiently identified to enable title thereto to pass to the trustee.

4. There must be the actual delivery of the property or a legal assignment thereof to the trustee with the intention of passing title to him as trustee. (*Hodgman* v. *Cobb*, 202 App. Div. 259; *Brown* v. *Spohr*, 180 N. Y. 201.)

In this instance there is no express gift to the executors and no directions for them to apply the income to the use of any one. (*Snedeker* v. *Congdon*, 41 App. Div. 433.)

It follows that the language used by the testator created no trust but an absolute gift.

I, therefore, hold and decide that the son and daughters of Edward A. Bogan, deceased, are entitled to the immediate possession of their respective shares of the property under this will.

Decreed accordingly.