In the Matter of the Judicial Settlement of the Account of Proceedings of IRENE L. SELIGMAN, Appellant, as Sole Surviving Trustee of the Trust Created under the Last Will and Testament of KATIE LEVY, Deceased, for the Benefit of ROBERT S. LEVY. SOPHIE B. LEVY, as Administratrix, etc., of ROBERT S. LEVY, Deceased, Respondent.

First Department, June 2, 1933.

*Morris J. Goldston* of counsel [*Lester Lewis Jay* with him on the brief; *Morris J. Goldston*, attorney], for the appellant.

*Joseph H. Kohan* of counsel [*Benjamin Stahl* with him on the brief; *Petersen, Steiner & Kohan*, attorneys], for the respondent.

O'MALLEY, J. Here is involved the construction and effect to be given to paragraph fourth of the last will and testament of the deceased, establishing a trust under which the appellant acted. It reads:

"*Fourth.* I give, devise and bequeath to my Trustees above mentioned and the survivor of them the sum of Six Thousand ($6,000.00) Dollars in trust nevertheless to invest, re-invest and keep the same invested in lawful securities and to accumulate the income thereon during the minority of my grandson Robert S. Levy and upon his attaining the age of twenty-one years to pay the said principal with all accumulated income over to my said grandson Robert S. Levy. In case of the death of my said grandson before attaining the age of twenty-one years, the said principal and accumulated income shall revert to and form part of my residuary estate and be disposed of as hereinafter mentioned."

The grandson, Robert S. Levy, died before reaching the age of twenty-one years. From the date of the establishment of the trust and up to the time of the *cestui's* death, the trustee received accumulated, but unexpended income, amounting to $769.90.

The learned surrogate directed that this amount be paid to the administratrix of the deceased infant, holding that under section 16 of the Personal Property Law, all accumulated income belonged to the beneficiary of the trust and could not be willed otherwise.

The rule applied by the surrogate is the general rule. Where, however, as here, a trust is validly established for the accumulation of income during the minority of a *cestui*, it has been held that it is valid for the testator to provide that in case of the decease of the *cestui* during minority, accumulated income may go elsewhere.

Such was decided as early as *Bolton* v. *Jacks* (29 N. Y. Super. [6 Robt.] 166). The right of such disposition has also been upheld in *Roe* v. *Vingut* (117 N. Y. 204, 217); *Smith* v. *Parsons* (146 id. 116, 120); and *Hodgman* v. *Cobb* (202 App. Div. 259, 266).

In view of this disposition of the main question involved, we deem it unnecessary as a practical matter to interfere with the allowance of costs made.

It follows, therefore, that the decree will be modified by reversing so much thereof as directs the accumulated income be paid to the administratrix of the deceased *cestui*, with the direction that such sum be made part of the residuary estate as provided for in paragraph fourth of the will, and as so modified affirmed, without costs.

FINCH, P. J., MERRELL, McAVOY and MARTIN, JJ., concur.

Decree modified by reversing so much thereof as directs the accumulated income be paid to the administratrix of the deceased *cestui*, with the direction that such sum be made part of the residuary estate as provided for in paragraph fourth of the will, and as so modified affirmed, without costs. Settle order on notice.