## A. H. BOWMAN et al. *v.* C. UTLEY et al.

Deed of Trust — Life Estate — Notice to Remaindermen.
>   The recording of a deed of trust, conveying a life estate, is constructive notice to remaindermen and will not be abrogated after being acted on for nine years without objection.

Executor — Payment of Legacy — Improvident Use.
>   The testator has the right to pay over to the legatee assets in his hands. If there is danger of improvident use and waste of the fund, the remaindermen had the right alone to prevent it.

Same — Settlement with County Court — Fund Held as Trustee and not as Executor.
>   After a settlement with the County Court the executor holds funds belonging to the estate as trustee and not as executor.

APPEAL FROM MERCER CIRCUIT COURT.

June 30, 1867.

OPINION OF THE COURT BY JUDGE WILLIAMS:

The deed of trust to Robbins executed November 23, 1853, by Nancy Utley, the surviving relict of the testator, Josiah Utley, seems to have been made at the instance of some of those entitled to the remainder after her death; at least it was known by several and seems never to have been objected to by any of them until after her death and the insolvency of Robbins, the trustee. It was witnessed by Jacob, the husband of the legatee Mary Bouter; some of the receipts for interest paid by Robbins after said deed was made to the widow were witnessed by others; thus they had actual notice of the deed; besides all had constructive notice from the recording of it in the proper office.

After it had thus been made and acted on without objections on the part of those in remainder for a period of nine years it would take strong circumstances to authorize its abrogation, if indeed it could be done at all.

This is also fortified by the County Court settlement in the year of 1857 by Robbins, as executor of the estate in which he was allowed the payment of $1,800, as witnessed by the widow's receipt of February 7, 1854, and which has been permitted to stand with-

out objection or attempt to reverse it and no attempt to surcharge it in this suit is now made.

As the widow was entitled under the will to a life estate to one-third of the real and personal estate of the testator the executor had the undoubted right to pay over to her one-third of the assets in his hands. If there was danger of her improvident use and waste of these funds the remaindermen had a legal remedy to prevent this as their rights alone would be violated; with this the executor had nothing to do hence had no remedy.

After the County Court settlement the fund belonging to her for life was in Robbins' hands as trustee and not as executor, hence his sureties in his executor's bond are not liable for his defalcation as trustee, and as there was none, as executor made out, the judgment is radically erroneous. Wherefore, it is reversed with directions to dismiss absolutely appellee's petition against Bowman and Lamme, and to render a personal judgment alone against Robbins, as trustee, and not as executor.