JULIA McCARTY *vs.* JOHN COSGROVE & another, executors.

A testator gave the residue of his estate, real and personal, to his wife, for her separate use;
to her and her heirs in case she should never marry again: but in case she should marry
again, whatever should then remain unexpended of the said residue to go in equal shares
to her and such of the testator's children as should then be living. *Held,* that the widow
was entitled to have the residue of the personal estate paid over to her by the executor.

BILL IN EQUITY by the widow of John McCarty, praying that
his executors, John Cosgrove and John Quinn, might pay to her
$3640.75, being the residue of his personal estate after payment
of debts and legacies.

The fourth paragraph of the will of John McCarty was as
follows: " I hereby give, devise and bequeath all the rest, resi-
due and remainder of my estate, both real and personal, unto
my wife, Julia McCarty, to be her sole and separate property,
unto her, her heirs and assigns forever, in case she shall never
marry again; but in case she shall marry again, then whatever
remains unexpended of the said residue and remainder of my
said property to go in equal shares to my said wife and such of
my children as shall then be living, that is, to each an equal
share thereof, to them, their heirs and assigns forever."

The executors, in their answer, alleged that they were advised
that they were in duty bound by the provisions of the will to
retain the said residue, paying to the plaintiff the interest and
income thereof, and so much as she might need thereof, until
such time as she should marry, and then to distribute the bal-

ance of the same to the plaintiff and to such children of the testator as might then be living, in equal shares; or, if the plaintiff never married, to keep the same until her decease, and then pay the same to her legal representatives.

The case was reserved on the bill and answer for the determination of the full court.

*G. Stevens*, for the plaintiff.

*W. S. Anderson*, for the defendants.

BY THE COURT. The plaintiff is entitled to have the legacy paid over to her. *Homer* v. *Shelton*, 2 Met. 194. *Fiske* v. *Cobb*, 6 Gray, 144. *Lynde* v. *Estabrook*, 7 Allen, 68. *Gifford* v. *Choate*, 100 Mass. 343.                    *Decree for the plaintiff.*