## CHAS. DENTON'S EX'R *v.* EMILY PARKER.

**Executors and Administrators—Action by Administrator Against Widow —Admission.**

In a suit by an administrator against the widow of the deceased to recover certain gold which the widow claimed as a legacy, failure of the administrator to introduce any evidence with reference to the indebtedness of the estate, when taken in connection with his evasive reply to defendant's answer will be taken as an admission that there are no debts of the estate to be paid.

**Executors and Administrators—Action by Administrator Against Legatee.**
Where an administrator sues in equity to recover personal property in the hands of a legatee, recovery can not be had merely for the purpose of enabling him to repay the devisee the sum of money received.

**Executors and Administrators—Life Tenant—Bond.**
The devise of personal property to the testator's widow for life without requiring a bond to protect remaindermen confers upon her the right to its possession and use without execution of bond to remaindermen.

**Executors and Administrators—Life Tenant—Remaindermen—Bond.**
Where a will does not require a devisee of a life interest to execute a bond for protection of the remaindermen, the remaindermen, and not the executor, should apply for a bond if their rights are in danger.

APPEAL FROM BARREN CIRCUIT COURT.

December 18, 1872.

OPINION BY JUDGE PRYOR:

This action at law by the appellant for the recovery of the gold was on his motion transferred to the equity docket, and the court below adjudged that the appellee, the widow, was entitled to retain it. The judgment is based upon the idea that the widow (the appellee) was first entitled to the beneficial provisions of the will. The devisor designated first, the property that the widow is to have and in this devise he gives to her three hundred dollars in gold, and the remainder of his estate he gives to certain of his kindred therein named. The widow had possession of this gold at the date of her husband's death and placed it for safe keeping in the custody of the bank at Russellville. She alleges in her answer that she is entitled to it by reason of the devise to her and that the estate in the hands of the executor was ample to pay the debts. The appellant files a reply to this answer and cross-petition of the appellee in which his denial is at least evasive with reference to the indebtedness of the estate, and would indicate to the mind of the chancellor that the statements in the answer of the appellee on the subject of the indebtedness was true. There is no proof whatever as to the indebtedness of the estate to Denton and no offer made by the appellant to have the case referred to the commissioner for the purpose of ascertaining it. It was within the power of the executor, and not the widow, to show the indebtedness, and his failure to in-

troduce any evidence with reference to the debts or to have the same ascertained by a commissioner when taken in connection with his evasive answer, in our opinion was equivalent to an admission that there were no debts to pay, or that he had assets sufficient for that purpose. There is no doubt but what the appellant upon his qualification as executor became entitled to the estate (personal) of the devisor for the payment of debts and the various devises and legacies as directed by the will, but when he comes into a court of equity a recovery will not be permitted as against a devisee or legatee merely for the purpose of enabling him to repay that devisee the very same money received. If the devisee had been indebted to the estate and by the will was entitled either to a specific legacy or a certain sum of money, a court of equity would not compel the devisee to discharge the indebtedness by paying over the money when the legacy or devise would satisfy it and when it was not required to pay debts, or other charges made by the will. In this case the money due the widow was first to be paid; there is no evidence of any indebtedness or necessity for paying it to the executor. She gets less than she is entitled to by the provisions of the will and the court below acted properly in the rendition of a judgment by which she is permitted to retain the money. The devise of the personal property to the widow for life necessarily confers upon her the right to its possession and use without the execution of any bond to the remainderman, nor are we prepared to adjudge that the widow can be required to give bond for the money devised to her. The devisor did not require any such security for the payment of the money to them in remainder and even if their rights are endangered by paying the money over they alone can require the bond and not the executor. The judgment of the court below is *affirmed*.

*Lewis Boles, for appellant.*

*McQuown, for appellee.*