In the Matter of the Final Accounting of THEODORE J. DEN-
TON, Executor, etc.

A provision in the will of D., after a gift to his daughter E. of $25,000,
contained this : " And do order and direct that $8,000 of said sum be
paid over to her son, Theodore B. Mead, when he shall arrive at the age
of twenty-one years." *Held*, that the will authorized and by necessary
implication required the executor to pay over the whole of $25,000 to
E., and constituted her a trustee for her son, to pay him out of the prin-
cipal the sum of $8,000 at his maturity.

(Argued March 19, 1886 ; decided April 13, 1886.)

APPEAL from judgment of the General Term of the Supreme
Court, in the second judicial department, entered upon an order
made September 9, 1884, which affirmed a decree of the surro-
gate of the county of Orange, on final settlement of the ac-
counts of Theodore J. Denton, as executor of the will of Theo-
dore B. Denton, deceased. (Reported below, 33 Hun, 317.)

The facts material to the questions discussed are stated in
the opinion.

*William Vanamee* for appellant. A remainder may be
limited upon a bequest of personal property, and it may be
limited upon a bequest of money as well as of other personal
property. (*Bliven* v. *Seymour*, 88 N. Y. 469 ; *Smith* v. *Os-
trander*, 64 id. 278.) It is the duty of the executor under such
a will to invest the money, and pay the interest to the first
legatee during life, or for years, and to preserve the principal
for the remainderman. (*Covenhoven* v. *Shuler*, 2 Paige, 122 ;
*Williamson* v. *Williamson*, 6 id. 298.) The executor has no
right to pay the fund into the hands of the legatee for life, or
for years. (*Tyson* v. *Blake*, 22 N. Y. 558, 562 ; *Livingston* v.
*Murray*, 68 id. 485 ; *Clark* v. *Clark*, 8 Paige, 152.) The will
cannot be construed as imposing a separate trust upon the lega-
tee for life to take and preserve the fund for the remainderman,
unless the will in explicit and express terms directs the pay-
ment of the fund into the hands of the legatee for life. (*Bliven*

v. *Seymour*, 88 N. Y. 469; *Livingston* v. *Murray*, 68 id. 485; *Spear* v. *Tinckham*, 2 Barb. Ch. 211; *Smith* v. *Van Ostrand*, 64 N. Y. 278.) When a testator, by his will, either in express terms or by implication, has given the income of a sum of money to one for life, and then the principal to another, and has not in terms placed it in trust with any trustee other than the executor, it is the province and duty of the executor as such to hold and invest the fund in some secure and productive stock, or at interest on good security, and to pay over the income, from time to time, within reasonable times to the legatee for life, and, at the decease of the legatee for life, to pay out the principal to the person then by the will entitled to it. (*Clark* v. *Terry*, 34 Conn. 176; *Eichelburger* v. *Barnitz*, 17 Serg. & R. [Penn.] 293; *Kinnard* v. *Kinnard*, 5 Watts [Penn.], 108; *Chrisholm* v. *Lee*, 53 Ga. 611; *Howard* v. *Howard*, 16 N. J. Eq. 486.) A general legacy is one which does not necessitate delivering any particular thing, or paying money out of any particular portion of the estate; a specific legacy is the converse of this. (*Getman* v. *McMahon*, 30 Hun, 531; Schouler's Exrs. and Admrs. 461.) An executor cannot divest himself of his trust without an order of the court, or the consent of the *cestui que trust*. (*Thatcher* v. *Candee*, 4 Abb. Ct. App. Dec. 378; *Shepherd* v. *McEvers*, 4 Johns. Ch. 135; *Hinckley* v. *Harriman*, 45 Mich. 343.)

*D. F. Gedney* for respondent. A testator may make his primary legatee a trustee for the benefit of the remainderman, and may rely upon that trustee to carry out the trust, independent of the executor. (1 Jarm. on Wills [5th ed.], 399; Sword's Hawkins on Wills, 159; *Smith* v. *Van Nostrand*, 64 N. Y. 278; *Schlafer* v. *Corson*, 52 Barb. 510, 533.) The creator of a trust may either designate or waive any security to be given by the trustee. (*Denike* v. *Harris*, 85 N. Y. 89.) It is a sufficient compliance with the provisions of the Revised Statutes relating to trusts, if a purpose within the statute is clearly embraced within the language used, for the execution of which the trustee may be clothed with the legal title. (Potter's Willard's Eq. 490; *Donovan* v. *Vandemark*, 78 N. Y. 244; *Heer*-

*mans* v. *Birt*, id. 259 ; 9 Paige, 107.) A prior gift is not to be disturbed any further than is absolutely necessary to give effect to a posterior qualifying disposition. (*Bunneer* v. *Stower*, 1 Sandf. Ch. 357 ; *Man* v. *Man*, 14 Johns. 1.) Mrs. Mead was entitled to have this legacy paid to her, and she is to be considered the trustee of the portion of her son's benefit when the trust attached. (*Bradstreet* v. *Clark*, 13 Wend. 662 ; *Jackson* v. *Coleman*, 2 Johns. 392 ; *Jackson* v. *Robins*, 16 id. 584 ; 3 R. S. [Banks' 7th ed.] 2301, § 45.) It was the intention of the testator, and he so virtually directed, that the whole legacy should be paid to Mrs. Mead. She became in law the trustee of the $8,000, to pay Theodore the principal sum at majority. (*Smith* v. *Van Nostrand*, 64 N. Y. 278.) The language used by the testator was sufficient to create a trust, and all the requisite elements of a valid trust existed. (Hawk. on Wills [Am. ed.], 159.)

FINCH, J. The clause in the testator's will, out of which the present litigation has arisen, is expressed in these words, viz. : "I give and bequeath to my daughter Elizabeth J. Mead, the sum of $25,000 ; and do order and direct that $8,000 of said sum be paid over to her son, Theodore B. Mead, when he shall arrive at the age of twenty-one years." The question presented is, whether the executor was justified in paying over the whole bequest to Mrs. Mead, which he did, or should have retained for investment $8,000 thereof, accounting to her for the interest during the minority of Theodore, and preserving the principal for him on his arrival at full age. The counsel on both sides agreed in the fundamental proposition that the testator might direct, by express language in his will, the payment of the remainderman's legacy to the primary legatee to hold as a substituted trustee, and so that she would become alone accountable for its payment over at the majority of Theodore. (*Smith* v. *Van Nostrand*, 64 N. Y. 278 ; *Bliven* v. *Seymour*, 88 id. 469.) But the disagreement arose over the inquiry whether, upon a proper construction of the will, such express direction was given. The language used permits such

interpretation naturally and without violence. Whenever a testator gives and bequeaths a sum to a legatee the law requires it to be paid to the person entitled, within one year from the issue of letters, and the bequest itself, read in connection with the statute, becomes an express direction to pay within that period, unless some different time is named, or some other provision forbids the payment or shows that it was not intended. The last occurs whenever a mere life estate is given with remainder over, for in such case the principal sum is not given at all to the primary legatee, but only the use and annual income, and the principal remains in the hands of the executor to be paid over at the appointed time. The difficulty here grows largely out of a commingling of both these features. There is a bequest of the whole $25,000 to Mrs. Mead, and then a direction to pay $8,000 to Theodore, which reduces the interest of the primary legatee in that portion of her bequest to a life estate; and we can only solve the problem by searching for the meaning and intent of the testator as gathered from the will in all its parts.

It is obvious that the bequest to Theodore is made a charge upon the $25,000 bequeathed to Mrs. Mead, and not upon the assets generally. The testator in explicit terms first makes the bequest to Mrs. Mead of the complete and full sum, and then directs that out of that sum, from that specific fund, there shall be paid to Theodore the amount of $8,000. The two things can concur and be consistent and fulfill the precise language of the will. If the testator meant that the entire $25,000 should be paid to Mrs. Mead, and that she should pay out of it $8,000 to Theodore at his majority, every word of the direction will be precisely fulfilled. But if we say on the contrary that the executor's duty was to withhold the $8,000, and himself invest it and pay over the income to Mrs. Mead, and in due time the principal to plaintiff, the bequest of $25,000 to Mrs. Mead is not such; is in part contradicted and modified by what follows; and becomes a bequest of $17,000 absolutely, and of the income of $8,000 until Theodore's majority. It was easy to say that if the testator so meant. That he knew how to say

it is apparent from the language of his bequest to two other grandsons. In one he says : " I give and bequeath to my grandson, Eugene W. Denton, $10,000, to be paid unto him with the interest and income thereof by my executors when he shall arrive at the age of twenty-one years, until which time said sum is to be safely invested by my executors." And he knew how *not* to say it and to say something else. The ninth clause in his will was thus phrased : "I give and bequeath unto my cousin, Julia Ann Schoonmaker, $500, to be paid to her within six months after my decease; and I do order and direct that said sum of $500 on the death of said Julia Ann be paid to her son Theodore D. Schoonmaker." In that clause there is an explicit direction to pay to the legatee the whole sum named followed by an attempted limitation over, and that direction is full because the statute requirement is payment in one year, and the testator desired to shorten it to six months. We are to observe and take into account another provision of the will. The bequest to Mrs. Mead stands charged with the advances made to her appearing upon the " Family Book." If those advances had proved to be so large as to leave to the primary legatee less than $8,000 to be paid over to Theodore, the loss would have been his and not chargeable upon the general assets, for it is out of the legacy to his mother subject to all its reductions and infirmities that his gift was to come. And that fact indicates that the testator did not mean to give Theodore $8,000 absolutely out of his estate and in any event, but did mean to make his bequest and its realization dependent upon his mother.

There is great force also in another suggestion made in behalf of the respondent. Mrs. Mead was certainly entitled to the interest and income of the $8,000 during Theodore's minority, but she gets such interest under the will and by force of its terms only through the bequest and delivery to her of the whole $25,000. It is solely by virtue of her possession of the principal that she gets the interest. If the legacy to Theodore is not to be delivered to her and the right to its possession did not pass to her by the bequest, there is no express

gift of the interest and income, and the will is silent on the subject. The testator manifestly intended that she should receive the interest by virtue of her possession and control of the principal fund, and be at liberty to make her own investments at her discretion, subject only to her duty to Theodore as his trustee.

Many other considerations gathered from the will and the situation of the parties have been brought to our notice, and have entered somewhat into our consideration of the question at issue, but are hardly of sufficient importance to justify a prolonged discussion. We are of the opinion that a correct construction of the will involves an express direction to the executor to pay over the whole $25,000 to Mrs. Mead, and constituted her a trusteee for Theodore, to pay him out of the principal the sum of $8,000 at his majority.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.