LANGLEY *v.* FARMINGTON.

Payment to the person named in a will as executrix, who has fully administered the estate according to the terms of the will, is a defence to a suit brought for the same debt by an administrator subsequently appointed, although the executrix was not appointed by the probate court and did not give bond.

66  431
69  580

66  431
70  527

66  431
71  415
71  419

ASSUMPSIT, on the defendants' three promissory notes, payable to John H. Langley or order. Plea, payment. Facts found by the court.

John H. Langley died December 21, 1875, possessed of the notes, and leaving a will of which he made his wife executrix, and by which he gave to his brother, Joseph, $125, to his nephew, William N. Langley, $100, and disposed of the residue of his estate as follows: "As to all the rest, residue, and remainder of my estate, I give and bequeath the same to my beloved wife, Mary S. Langley, to have and to hold the same to her use and benefit forever. It is distinctly understood that my said wife is to be amply supported and maintained out of said estate, during her natural life, and to use and dispose of the same as she sees fit, and at her decease the remainder of said estate, if any, shall go in equal shares to my brothers, Samuel N. and Joseph T. Langley." The will was proved in January, 1876. The wife was not appointed executrix, but took possession of the testator's property, including the notes, and paid his debts and the two legacies first mentioned. The defendants paid to her in good faith the full amount of the notes, May 21, 1878. She married George Tilton in March, 1877, and died in January, 1890, leaving a will of which Tilton is executor. The plaintiff was appointed administrator of the estate of John H. Langley in March, 1890. Judgment was ordered for the defendants, and the plaintiff excepted.

*J. W. Towle* and *J. S. H. Frink*, for the plaintiff.

*G. E. Cochrane, John Kivel*, and *Thomas Cogswell*, for the defendants.

CHASE, J. It is unnecessary to determine whether the widow, under the residuary clause, took an absolute estate as claimed by the defendants, or an estate for life enlarged by the addition of a right or power to use and dispose of the principal as she saw fit. *Burleigh* v. *Clough*, 52 N. H. 267; *Kimball* v. *Bible Society*, 65 N. H. 139, 151. If her interest was only an enlarged life estate (which is the smallest that can be claimed in her behalf), the testator intended that her possession of the property should immediately succeed his and be of the property in specie, and that she should have the control, use, and disposal of it during her life. The facts, that his bequest of the residue to her is accompanied by a habendum clause which provided that she was to have and to hold it to her use and behoof forever; that he gave it to her without the intervention of a trustee, and without imposing on her an obligation to give a bond to protect those in remainder, if any; that he made her residuary legatee and executrix, so that a bond to pay debts and legacies might be accepted from her instead of one to return an inventory (G. L., c. 195, ss. 12, 13, *Emery* v. *Judge of Probate*, 7 N. H. 142); that she was to be amply supported and maintained out of the estate, and was to use and dispose of it as she saw fit; and that the bequest

over is of the remainder of said estate, "if any" (*Harris* v. *Knapp*, 21 Pick. 412), all disclose an intention to give her the possession, and a right to use and manage the property with a large share of the freedom and independence which he had enjoyed.

While the ordinary rule is, that if a testator makes a general bequest of all his property, or the residue, to one for life with remainder over, and the property consists in part of perishable personal property, the perishable property should be converted by the executor into permanent securities and the income only be paid to the life tenant, the rule is not applied in a case like this, where the testator intended the life tenant should enjoy the property in specie. *Healey* v. *Toppan*, 45 N. H. 243, 260, and authorities cited, particularly *Morgan* v. *Morgan*, 14 Beav. 72—*S. C.*, 7 Eng. L. & Eq. 216. In such case the life tenant is entitled to the possession without giving a bond to the remainderman, the same as he would be if the property were specifically bequeathed to him. *Healey* v. *Toppan*, *supra*; *Weeks* v. *Weeks*, 5 N. H. 326; *Marston* v. *Carter*, 12 N. H. 159, 163; *French* v. *Hatch*, 28 N. H. 331, 352; *Weeks* v. *Jewett*, 45 N. H. 540, 543; *Burleigh* v. *Clough*, *supra*; *McCarty* v. *Cosgrove*, 101 Mass. 124. Whether Mrs. Langley was absolute owner or only life tenant of the residue, she was entitled to receive possession of the property in specie from the testator's representative without giving a bond to any one to account for it.

Although she did not qualify as executrix, she appears to have fully administered the estate in accordance with the provisions of the will. She took possession of the property, and paid the debts and general legacies. If she had given a bond as executrix, that would not have caused a different disposition of the property, nor secured the performance of additional duties in respect to it, except the filing of an inventory and the settlement of an account. The bond would not have protected the remaindermen against the unauthorized, negligent, or fraudulent use or disposal of the property while in her possession as life tenant, for the executrix would not be responsible to the remaindermen for the preservation of the property after it passed into the possession of the life tenant. *Lynde* v. *Estabrook*, 7 Allen 68, 72; *Weeks* v. *Jewett*, *supra*. If the testator's brothers had an interest in the residue as remaindermen, their interest could be protected whether the executrix's official duty to file a bond and inventory was performed or not. They could compel her, by a suit in equity, to file an inventory of the property in which they were interested, and thus insure their protection against her misuse or misappropriation of it. 2 Kent Com. 354; *Westcott* v. *Cady*, 5 Johns. Ch. 334; *Langworthy* v. *Chadwick*, 13 Conn. 42; *Homer* v. *Shelton*, 2 Met. 194; *Healey* v. *Toppan*, *supra*.

The testator's estate having been settled, and his property having gone to those who were entitled to it, and would have received

it if all the requirements of the law had been complied with, the settlement cannot be disturbed. *Hibbard* v. *Kent*, 15 N. H. 516; *Clarke* v. *Clay*, 31 N. H. 393; *George* v. *Johnson*, 45 N. H. 456; *Mercer* v. *Pike*, 58 N. H. 286. The plaintiff is administrator of the estate only in name. No trust now remains for him to execute. The payment of the notes in suit by the defendants to Mrs. Langley was, under the circumstances of the case, payment as against all parties beneficially interested in the estate, and therefore as against the plaintiff. *Clark* v. *Clark*, 62 N. H. 267, 272. The proceeds of the notes, together with the other property of the testator, went into the possession of Mrs. Langley, where they belonged; and if she has not expended the whole of them, as she was authorized to do by the will, and the testator's brothers have any interest in the remainder, their remedy is against her representatives directly, and not against the defendants indirectly through the plaintiff.

*Exceptions overruled.*

CARPENTER, J., did not sit: the others concurred.