In the Matter of the Will of EUGENE VON KLEIST, Deceased.

DOW VROMAN, as Executor of EUGENE VON KLEIST, Deceased, Appellant; GEORGE E. THOMAS et al., Respondents.

(Argued October 1, 1934; decided November 20, 1934.)

*Dow Vroman,* in person, for appellant.

*Everette H. Hunt* for George E. Thomas, respondent.

*Glen R. Bedenkapp,* as special guardian for Raymond Thomas, respondent.

*Ellsworth Storrs,* as special guardian for August von Kleist, Jr., et al., respondents. 

LEHMAN, J. Eugene von Kleist died in 1913 leaving a widow and three children. The widow received a life interest in the residuary estate. She is now dead. Each of the three children received a life interest after her death in a share of the residuary estate. The executor has delivered to each of these children a part of the corpus of the share in which such child had a life interest without requiring security from any of the children. Grandchildren who under the terms of the will have a remainder interest in the residuary estate if they survive their parents, claim that the executor was required to hold the corpus of each share of the residuary estate until the death of the child who had a life interest therein. In a proceeding brought in the Surrogate's Court for the construction of the residuary clause of the will, the Appellate Division has held that the testator so intended.

The residuary clause is long. After an explanatory introduction, it provides for the division of the residuary estate into three equal parts, each part to be known and designated by the name of one child. In separate paragraphs the testator then disposed of each part. He gave, devised and bequeathed " the use, income and profits "

derived from each share to his wife " for and during the term of her natural life and from and after her death unto " the child by whose name that share is designated. Upon the death of such child the testator gave, devised and bequeathed the share so designated to the then surviving issue of such child, or in default of such issue to the issue of the other children.

The executor is commanded to divide the estate into shares, and there is no express command that he should do anything further. After such division, he is not commanded to hold and invest the corpus, to collect income, or to pay over income. The testator devised directly the use, income and profits of each share to a named person, and that person received a legal estate as tenant for life. (*Livingston* v. *Murray*, 68 N. Y. 485; *Matter of McDougall*, 141 N. Y. 21.) In another paragraph of his will the testator by apt language created a trust; in the paragraph now under construction the testator by apt language created a legal life tenancy. So the Appellate Division has held, and its conclusion on that point is not seriously challenged now.

Though no trust in the executor was created by the will during the life of the life tenant, and though the executor is not expressly commanded to do anything except to divide the property, he is, none the less, as executor, under a duty to keep the estate in his custody and to conserve it until he can deliver the property to the person entitled thereto in accordance with the intent of the testator made manifest by the terms of the will. The decree in this case adjudicates that it was the intention of the testator that each share " should be held intact by his executor " during the life of the life tenant. The question is whether the language of the will shows such intention.

The testator has not said so in express terms. Of course, if the law imposes upon an executor a duty to hold in his custody personal property so long as an unexpired life tenancy exists in that property, then such

intention is implicit in the creation of the life tenancy. The difficulty is that the law does not impose such a duty unless the testator so intended. A testator may create a life tenancy with right of possession in the life tenant. Then the executor is under a duty to deliver possession to the life tenant. (*Smith* v. *Van Ostrand*, 64 N. Y. 278; *Bliven* v. *Seymour*, 88 N. Y. 469; *Matter of Denton*, 102 N. Y. 200; *Matter of Ungrich*, 48 App. Div. 594; affd., 166 N. Y. 618.) By its very nature, a duty in an executor to keep property in his custody can exist only so long as no other person is under the terms of the will entitled to possession. It is only where a testator has given to one person merely the usufruct of property without right to possession, that an executor is entitled to hold in his custody the property bequeathed, and even then this court has said that an executor may withhold the principal only until adequate security is given or tendered, to account for the same to the remainderman. (Cf. *Tyson* v. *Blake*, 22 N. Y. 558; *Livingston* v. *Murray*, 68 N. Y. 485.)

Here the bequest of the " use, income and profits," of a share in the residuary estate is a gift only of the usufruct and standing alone would not entitle the legatee to possession of the principal of the funds. (*Matter of McDougall*, *supra*.) Though right of possession does not flow from a gift of the usufruct of a fund, it is not inconsistent with a gift of the fund. On the contrary, through possession of the fund the value of the usufruct may be increased. So this court has said that " when the remainderman is willing and able to give security for the fund, it has been considered just that he should receive it so that he could manage it and reap all the income he could make, free from the charge of commissions by an executor or trustee. In such case care should be taken to secure the corpus of the fund or estate for the remainderman, and the security taken should be adequate for that purpose." (*Livingston* v. *Murray*,

*supra,* p. 493.) Some person must have the right of possession of the property during the continuance of the life tenancy. A testator creating successive estates in property may determine who that person shall be. An executor's duty to demand security before delivery of the property to a life tenant exists only where the testator has not manifested an intention that the property should be delivered to the life tenant. When the testator bequeathed to his children the usufruct of his property with remainder to their issue, it is clear that he intended that the remaindermen should have the right to hold the custodian of the property responsible for the property when the time comes for delivery to them. Where a testator indicates that possession of a fund should be delivered to a life tenant, the life tenant becomes substituted as custodian for the executor and is alone accountable for its payment to the remainderman. (*Matter of Denton, supra.*) Thus there is no repugnancy between a gift to a life tenant of the use, income and profits of a fund, and a direction to deliver possession of the fund to the life tenant in order to enable him to enjoy in fullest measure the use of the property. For that reason, if the testator has in other parts of the will expressed or clearly indicated an intention that possession should be given to the life tenants, the executor had the right to give effect to such intention.

We find such clear indication of intention in the language of the clause we are construing. The disposing parts of the clause are preceded by a preamble or declaration of purpose. " Having in mind that I ought in all fairness to dispose of my residuary estate in such manner that after the death of my wife, Charlotte M. L. von Kleist, my three children * * * or their descendants shall *possess* and enjoy the same equally (taking into consideration what I have heretofore advanced to my said children)." When that was written the testator could hardly have intended that his property should never come into

the possession of his children but should be held by the executor as custodian for the protection of grandchildren, born or future. It is clear that his primary intention was to provide for his children and that they were to " possess and enjoy " his residuary estate equally, after certain charges were made for advancements. It is not unreasonable that the issue of these children to whom the property should eventually go should look to their ancestor rather than to the executor for preservation of their rights.

Moreover, other provisions of the residuary clause indicate that there was no intention that the executor should hold the funds which the testator's three children were to " possess and enjoy." Indeed, it is clear that part of each of the shares allotted to the daughters for life was only constructively a part of the residuary estate and was never intended to come into possession of the executor. The testator directed that certain sums, together with interest, should be charged to each of his two daughters because the testator paid the expenses of the home in which they lived, and that the sums so charged should be considered as part of the testator's residuary estate, " it being my intention by having the said charges so made to give my said son August a preference in the final division of my said residuary estate." Then follow the directions for the division of the " residue and remainder of my estate including the said sums with interest so charged to my said two daughters, Charlotte and Martha, * * * into three equal parts, one of such equal parts to include all such sums with interest so charged to my said daughter, Charlotte, and to be known and designated as the ' Charlotte von Kleist share,' another of such equal parts to include all such sums with interest so charged to my said daughter, Martha, and to be known and designated as the ' Martha Thomas share ' * * *." No party claims that either daughter was to pay to the estate the " sums with interest so charged "

to either daughter, though the testator has clearly provided that these sums shall be treated as if part of the share allotted to the daughter for life. It is difficult to see how the testator could have intended that sums so charged to each daughter should become part of his residuary estate, and part of the share of the residuary estate designated by the name of such daughter if the executor was intended to hold that share in his possession during the life of the life tenant.

We have not overlooked the arguments of the respondents that other parts of the will indicate an intention that the life tenants should not have possession of any share of the testator's property which became part of the residuary estate. We read the will as a whole. We find implicit in its language an intention that the grant to each child of the use, income and profits of a share of the estate should include the right to possess that share. That intention is not repugnant to the grant, but complements it.

The order of the Appellate Division should be reversed and the decree of the Surrogate affirmed, with a separate bill of costs in this court and in the Appellate Division to each party appearing in this court and filing briefs, payable out of the estate.

POUND, Ch. J., CRANE, O'BRIEN, HUBBS, CROUCH and LOUGHRAN, JJ., concur.

Ordered accordingly.