## Buckman's Trustee et al. v. Ohio Valley Trust Co. et al.

Oct. 28, 1941.

Henson & Taylor and George E. Jones for appellants.

King & Flournoy for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

E. L. Norris died testate in 1924. He nominated the predecessor of the appellee herein, the Ohio Valley Trust Company, as the executor of his will and the Trust Company so qualified. This litigation involves the third and fourth paragraphs of Mr. Norris's will. These paragraphs read as follows:

"Third.—I will, devise and bequeath to my said daughter, Ethel Buckman, all the rest and residue of my property of whatever kind or character, whether real, personal or mixed, and whereever located, to have and to hold same for and during her natural life, with the right to use, enjoy and dispose of, as she sees fit, the rents, profits and income therefrom, after first paying the cost of keeping said property in repair, and the taxes, insurance and other public charges thereon but she is not to sell or otherwise dispose of any of the principal of said property, and at her death, I hereby will, devise and bequeath all of said property to the children of my said daughter, Ethel Buckman, who may be living at the time of her death, share and share alike, to be theirs absolutely and in fee-simple, but I direct that no distribution of said property shall be made, until the youngest one of said children shall become of full twenty-one years of age, and in case my said daughter shall die before the youngest one of her said children shall arrive at the full age of 21 years, then the Trustee, hereinafter named, shall take charge of said property and rent and loan same and after first paying the cost of keeping said property in repair and the taxes, insurance and other public charges thereon, he shall from time to time as he sees fit, pay the balance of said rent, income or profit to said children in equal portions, and

this he shall do until the youngest of said children shall arrive at twenty-one years of age, at which time the said property shall be turned over to them and be theirs in fee-simple forever, share and share alike.''

''Fourth.—I hereby nominate and appoint the Ohio Valley Banking and Trust Company, of Henderson, Ky., as Executor of this my last Will and Testament and as Trustee for the children of my said daughter, Ethel Buckman, but as Trustee for said children, it is not to take charge of said property until the death of my said daughter Ethel Buckman.''

The Trust Company reduced the personalty to cash (about $30,000) and turned it over to the daughter, Ethel Buckman Teare. She died insolvent in 1935, leaving four infant children ranging in age from one to twelve years. This action was instituted by the appellants, representatives of the Buckman children, to recover some $26,000 from the executor upon the assumption that it had wrongfully and unlawfully turned over the corpus of the estate to Ethel Buckman. Numerous pleadings were filed by both parties. Finally a demurrer was sustained to the petition as amended, and upon the failure of the appellants to plead further their petition was dismissed; hence this appeal.

There is no dispute about the character of estate which Mr. Norris gave his daughter, all parties agreeing that she took only a life estate. The principal question involves the duty of the executor in relation to the rights of the remaindermen. Our discussion of the case will be confined to this question.

It is said in 24 C. J., Section 1333, that delivery to a legatee or tenant for life amounts also to a delivery to the remainderman, and in general discharges the personal representative from any further duty or liability with respect to the legacy, excepting where it is his duty to invest the fund and pay over the income only to the life tenant. In 21 Am. Jur., Section 436, it is said that, while the rule was formerly otherwise, it is now generally held that, unless there is collusion, or reason to believe that the life tenant will destroy the article, or send it away, in which case the personal representative may refuse to deliver it without security, the tenant for life

is bound only to give a receipt for the article. It is pointed out in that text, however, that this rule does not prevail when, after the death of the first taker, the personal representative has a trust to perform arising out of the property. The note to the latter statement refers to an Annotation in 12 L. Ed. 1035. Our examination of most of the cases, all of which are early North Carolina cases, cited in that Annotation, discloses that in each instance the executor had a duty to perform in relation to the property after the death of the life tenant.

Speaking generally, our rulings are to the effect that, where the life tenant is given the possession and use of the property, it is not incumbent upon the executor to require a bond of him. The remainderman, or someone representing him, may step in, however, and require the execution of a bond, if the life tenant shows a disposition to waste or destroy the property. Bowman v. Utley, 1 Ky. Op. 443; Denton's Ex'r v. Parker, 6 Ky. Op. 227; Hill v. Harding, 92 Ky. 76, 17 S. W. 199, 437, 13 Ky. Law Rep. 380; Cecil v. Cecil, 161 Ky. 419, 170 S. W. 973; Trustees Presbyterian Church v. Mize, 181 Ky. 567, 205 S. W. 674, 2 A. L. R. 1237; Owens v. Owens' Ex'r, 236 Ky. 118, 32 S. W. (2d) 731; Bourne v. Bourne's Adm'r, 19 S. W. 401, 14 Ky. Law Rep. 189. See, also, Thomas v. Thomas, 220 Ky. 101, 294 S. W. 776, wherein it was requested that bond be required of the life tenant.

When called upon to construe a will we look always to the intent of the maker. George v. George, 283 Ky. 381, 141 S. W. (2d) 558, and cases cited therein; Ruh's Ex'r v. Ruh, 270 Ky. 792, 110 S. W. (2d) 1097.

With these propositions in mind we turn now to a consideration of Mr. Norris' will. We see from the first part of the third clause that Ethel Buckman was given all the rest and residue of Mr. Norris' property, regardless of kind and location, to have and to hold for and during her life, with the right to use, enjoy and dispose of as she saw fit the rents, profits and income from it after she first paid the cost of keeping the property in repair, the taxes, insurance and other public charges thereon; but she was not to sell or otherwise dispose of any of the principal of the property. Clearly, it was Mr. Norris' intent that his daughter have the possession of his property, and after keeping it in repair and paying the necessary charges thereon she was given the use

of it, that is, she was given the rents, profits and the income from it. We find no basis for the contention that a duty rested upon the executor in relation to the property during the life of Ethel Buckman. The will clearly indicated that it was to be in her possession and that it was her responsibility to manage and care for it and hold it in trust for her children. The property was given to Ethel Buckman's children upon her death, but it was not to be distributed until the youngest child became 21 years of age. It was further directed that, in the event Ethel Buckman died before the youngest child became 21 years of age, the Trust Company should step in and take charge of the property as trustee and do those things concerning its management and control which Mr. Norris had directed that his daughter do during her lifetime. Clause 4 of the will expressly provided that the Trust Company was not to take charge of the property as trustee for the children until the death of their mother, the life tenant. Naturally, the Trust Company did not attempt to qualify as trustee when it qualified as executor for the reason that its trusteeship would not materialize except in the event of Ethel Buckman's death prior to the time her youngest child became 21 years of age. There was no way of knowing that it would have a duty to perform in the capacity of trustee when the money was turned over to Ethel Buckman, nor can it be said that the will placed upon the executor as such any duty to be performed after the death of the life tenant. It can not be said that Mr. Norris was more solicitous of the welfare of his grandchildren than that of his daughter. The will clearly indicates that he had confidence in her, for he expressly directed that she was to have and to hold the property and to manage and control it. There is nothing in the will to indicate that he desired that she execute bond as trustee. As we have indicated, our rulings on similar questions have involved situations where the life tenant was given the use, as well as the possession, of the property, but here we have a direction that property be given to the life tenant to have and to hold, to manage, control and keep up, with the right to use the income, rents and profits above expenses. We do not think that it can be contended seriously that this case should be distinguished from our rulings heretofore mentioned on the character of use involved here and in those cases. We reach the conclusion, for the reasons heretofore discussed, that no duty

rested on the executor to ask the court for an order requiring a bond of Ethel Buckman when the property was turned over to her.

Judgment affirmed.