In the Matter of the Accounting of THEODORE HILL, JR., as Executor of ALFRED RAPP, Deceased, Petitioner.

Surrogate's Court, Westchester County, April 21, 1943.

*Clifford Couch* for petitioner.

*Louis Wolsky,* as special guardian for James Harris, **an** infant, and others.

MILLARD, S.   The will of the above-named decedent was admitted to probate by a decree of this court dated July 15, 1941, and a requested construction of certain provisions thereof

was reserved for future determination. Upon this application for a judicial settlement of his accounts the executor requests a construction as to the effect of the provisions of paragraphs " First ", " Third " and " Eighth " of the will respectively, by reason of the fact that three of the legatees therein named not only predeceased the testator but died prior to the date of the will. The provisions of said paragraphs read as follows:

" First, after my lawful debts are paid, I give, devise and bequeath, to my brother George W. Rapp of Yorktown, New York, the sum of One thousand ($1,000) Dollars."

" Third, to my brother William Rapp of Bridgeport, Conn., I give the sum of Five Hundred ($500) dollars."

" Eighth, to my brother Benjamin Rapp of Danielson, Conn., I give the sum of Twenty-five ($25.00) dollars."

The testator died January 9, 1941, a resident of Westchester County, leaving a will dated July 12, 1937. Each of the brothers of the testator named as legatee in the above-quoted paragraphs of the will died on or prior to October 7, 1936. Each deceased legatee, however, was survived by children all of whom also survived the testator. The first question presented for determination is therefore whether each of the legacies mentioned in paragraphs designated " First ", " Third " and " Eighth " of the will lapse by reason of the death of each legatee therein named, not only prior to the death of the testator but also before the date of the will, and, if so, whether each of such legacies vests in the surviving children of each deceased legatee as joint tenants or as tenants in common. Although the provisions of section 29 of the Decedent Estate Law do not impose a limitation upon the right of testamentary disposition, such section was designed to preserve a gift, which otherwise would lapse, to the descendants of a deceased legatee within the prescribed relationship to the testator in the absence of a contrary intent. (*Matter of Neydorff*, 193 App. Div. 531.) In *Barnes* v. *Huson* (60 Barb. 598) the General Term of the Supreme Court, Fourth Department, had occasion to construe the provisions of the then statute from which section 29 of the Decedent Estate Law was derived. In concluding that it was immaterial to the application of the statute whether a named legatee died before or after the date of making the will, the court said, at page 614: " Considering the evident purpose and policy of the act, the mischief intended to be remedied, and the fact that it is a remedial statute, to be liberally construed, we are of the opinion that its meaning is to

prevent the lapse of the devise, or bequest, * * * although the proposed devisee or legatee shall have died before the testator; provided such devisee or legatee shall have left lineal descendants, who shall be living at the testator's death; and this, whether the death of the proposed devisee or legatee shall have occurred before or after the date or making of the will.''

The interpretation thus determined not only has never been overruled or questioned in this State, but on the contrary has been cited with approval. (*Pimel* v. *Betjemann,* 183 N. Y. 194; *Matter of Mott,* 137 Misc. 99.) Except for an amendment thereto to extend the scope of the statute to include legacies to a brother or sister of a testator (L. 1912, ch. 384), the provisions of the present statute are the same as those before the court in *Barnes* v. *Huson* (*supra*). Following this authority, I hold that section 29 of the Decedent Estate Law is controlling in the instant case even though the deaths of the respective named legatees antedated the making of the will. There being no contrary intent expressed in the will and the gifts being *nominatim* and not to a class, it follows that the above-mentioned legacies to each of the three brothers of the testator did not lapse, but the property so bequeathed vested in the respective children of each legatee in equal shares (Decedent Estate Law, § 29), as tenants in common and not as joint tenants (Decedent Estate Law, § 83; Real Property Law, § 66.) The provisions of the latter section apply to personalty as well as to realty. (*Matter of Kimberly,* 150 N. Y. 90.)

There remains to be considered the effects of paragraph '' Second '' of the will wherein the testator provided as follows: '' Second, to my brother Ira J. Rapp of Yorktown, New York, I give the Income from Three Thousand ($3000) Dollars, the said Three Thousand ($3000) Dollars to be placed in the Interest Department of the Westchester County National Bank, during his natural life. At the demise of the brother Ira J Rapp, the said Three thousand ($3000) Dollars, to be equally divided between my two nephew's, Harry C. Leverich of Danbury, Conn., and Benjamin Leverich of Lake Mohegan, New York.''

The requested construction involves a determination as to whether a trust is thereby created or whether the language imports a life estate in Ira J. Rapp with remainder over to Harry C. Leverich and Benjamin Leverich, and, if a life estate is created, who is entitled to the possession of the fund until the termination of the life estate.

Not only did the testator fail to appoint a trustee, but there is no express provision for a transfer of legal title to the fund to a trustee, nor any indication of intent to pass legal title thereto to a trustee, nor is there any direction that the income shall be paid to or applied to the use of the legatee. It is readily apparent that the language used by the testator is not sufficient to indicate an express intent to create a trust, nor such as would justify the court in holding that such an intent is to be necessarily implied. (*Trask* v. *Sturges,* 170 N. Y. 482; *Snedeker* v. *Congdon,* 41 App. Div. 433; *Hodgman* v. *Cobb,* 202 App. Div. 259.) In the present case the testator bequeathed to Ira J. Rapp directly the income from the corpus of said fund, who thereby received a legal estate as tenant for life. (*Matter of von Kleist,* 265 N. Y. 422.) The principal of the fund vested in Harry C. Leverich and Benjamin Leverich as tenants in common at the death of the testator. (*Everitt* v. *Everitt,* 29 N. Y. 39; *Bliven* v. *Seymour,* 88 N. Y. 469.) Although ordinarily the executor would be under a duty to retain custody of the fund and ultimately cause the same to be paid over to the persons entitled thereto (*Matter of von Kleist, supra*), in the instant case such duty may be fulfilled by the executor's depositing the stated amount in an interest account in the designated depository to the credit of Ira J. Rapp, to be held there subject to further order of this court, except that the interest accruing thereon may be paid to the life tenant during his life without further order.

Settle decree accordingly.